[No. A030169. First Dist., Div. One. Feb. 4, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
BRENDA JOYCE MEANS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976(b), the first part of this opinion ending with the words, "(The remainder of this opinion will not be published. See rule 976(b), Cal. Rules of Court.)," and the final sentence of the opinion, "The judgment of conviction is affirmed," are to be published.

COUNSEL

Gary Brett Beeler, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, David D. Salmon and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—Defendant Brenda Joyce Means was found guilty by a jury's verdicts of arson (Pen. Code, § 451), and filing a fraudulent insurance claim (Ins. Code, § 556, subd. (a)(1)). And she had thereafter admitted, or was found to have suffered, two prior convictions of assault with a deadly weapon. She appeals from a judgment which was entered upon the jury's verdicts.

■ The first of defendant Means' two appellate contentions follows: "The trial court improperly denied appellant's motion to preclude use of her prior convictions for assault with a deadly weapon for impeachment purposes."

On a so-called *Beagle* (*People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]) motion, the trial court ruled that one of defendant's prior felony convictions of assault with a deadly weapon might be used for impeachment, were she to take the witness stand on her own behalf. That ruling is the basis of the instant contention.

The issue is whether such a prior conviction involved "moral turpitude."

The question is answered by *People* v. *Castro* (1985) 38 Cal.3d 301, 315 [211 Cal.Rptr. 719, 696 P.2d 111], which announced a rule that a felony indicating its perpetrator's "*general readiness to do evil,*" involves "*moral turpitude.*" Few would agree that an unlawful assault upon a fellow human being with a deadly weapon, indicates other than a "general readiness to do evil."

We find the instant contention meritless.

(The remainder of this opinion will not be published. See rule 976(b), Cal. Rules of Court.)

The judgment of conviction is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.